IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-60803
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DALE ROGERS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:97-CR-51-ALL-S-D

February 18, 1999

Before POLITZ, BARKSDALE AND STEWART, Circuit Judges.

PER CURIAM:[*]

Michael Dale Rogers appeals his conviction on 21 counts of mail fraud in violation of 18 U.S.C. § 1341.

Rogers argues that the Government violated his rights under the Constitution's Due Process, Confrontation, and Compulsory Process Clauses by sending to prospective witnesses a letter that advised the witnesses that they were not required to speak to counsel for the defense. Because this letter did not contain an incorrect statement of the law and because Rogers has failed to show that he was in fact denied access to any witness, this claim is meritless. See Washington v. Texas, 388 U.S. 14, 23 (1967); United States v. Fischel, 686 F.2d 1082, 1092 (5th Cir. 1982) (witness in criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

case has the right to refuse to be interviewed); see also United States v. Caldwell, 750 F.2d 341, 346-47 (9th Cir. 1984).

Rogers contends that the district court abused its discretion in admitting (1) extrinsic evidence concerning indictment counts that the Government had dismissed before trial and (2) an allegedly unauthenticated letter that Rogers purportedly wrote to his supervisor at his workplace. The district court did not abuse its discretion in admitting the evidence relating to dismissed counts, because that evidence was relevant in that it further established the fraudulent scheme in which Rogers had engaged and that it added only slightly to the very similar evidence that supported the 21 counts on which Rogers was convicted. See FED. R. EVID. 404(b); United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc); United States v. LeBaron, 156 F.3d 621, 624 (5th Cir. 1998), petition for cert. filed (Dec. 23, 1998) (No. 98-7483). The court was not required to proceed through the two part "Beechum test" on the record because Rogers failed to request such analysis at trial. See United States v. Morgan, 117 F.3d 849, 861 (5th Cir. 1997), cert. denied, 118 S. Ct. 454 and 118 S. Ct. 641 (1998). The court did not abuse its discretion in admitting the letter because other testimony corresponded to the contents of the letter and suggested that Rogers was its author. See United States v. Scurlock, 52 F.3d 531, 538 (5th Cir. 1995); see FED. R. EVID. 901(a).

The district court did not abuse its discretion in refusing to admit evidence regarding a civil lawsuit filed by an insurance-company client against Rogers' supervisor, who was a key Government witness. The court did not err in concluding that such evidence was not very relevant to the criminal charges against Rogers and that it would likely only confuse the jury. See United States v. Humphrey, 104 F.3d 65, 70 (5th Cir. 1997); FED. R. EVID. 403.

AFFIRMED.